UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
TIMOTHY R. DEFOGGI,           :
                              :
        Petitioner,           :    Civ. No. 21-12269 (NLH)
                              :
    v.                        :    OPINION
                              :
LAMINE N'DIAYE,               :
                              :
        Respondent.           :
_____:


APPEARANCES:

Timothy R. DeFoggi, 56316-037
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640


        *Petitioner Pro se*

Philip R. Sellinger, United States Attorney
Angela Juneau, Assistant United States Attorney
Office of the U.S. Attorney
970 Broad St.
Suite 700
Newark, NJ 07102

        *Counsel for Respondent*

HILLMAN, District Judge

        Petitioner Timothy DeFoggi, a prisoner presently confined

at FCI Fort Dix, New Jersey, filed this Petition for Writ of

Habeas Corpus under 28 U.S.C. § 2241 asking the Court "to

determine Petitioner to be 'Eligible' for the Elderly Offender
Home Detention Program (EOHDP) as established under 34
U.S.C. § 60541."  ECF No. 1 at 2.  Respondent opposes the
petition.  ECF No. 9.  For the reasons that follow, the Court
will deny the petition.

I.  BACKGROUND

     A jury in the United States District Court for the District
of Nebraska convicted Petitioner of knowingly engaging in a
child exploitation enterprise, 18 U.S.C. § 2252A(g); conspiracy
to advertise child pornography,18 U.S.C. §§ 2251(d)(1),(e);
conspiracy to distribute child pornography, 18 U.S.C. §§
2252A(a)(2),(b)(1); and knowingly accessing a means or facility
of interstate commerce to view child pornography, 18 U.S.C. §
2252A(a)(5)(B).  United States v. DeFoggi, No. 8:13CR105 (D.
Neb. Jan. 6, 2015).  The Eighth Circuit reversed the
exploitation enterprise conviction and remanded for
resentencing.  United States v. DeFoggi, 839 F.3d 701, 709-11,
713 (8th Cir. 2016).

     At resentencing, the district court gave Petitioner 75-
months for each of the affirmed convictions to be served
consecutively, resulting in a total term of 300 months.
DeFoggi, No. 8:13CR105 (D. Neb. Feb. 8, 2017) (amended judgment
of conviction).  The Eighth Circuit affirmed.  United States v.
DeFoggi, 878 F.3d 1102 (8th Cir.) (per curiam), cert. denied,

138 S. Ct. 2643 (2018).  The Bureau of Prisons ("BOP")
"calculated DeFoggi's sentence as commencing on January 5, 2015,
the date of his original sentencing.  The BOP has awarded
DeFoggi 636 days of prior custody credit for time spent in
custody before his sentencing." ECF No. 9 at 7-8 (internal
citations omitted).  After succeeding in his motion for
compassionate relief before the sentencing court, Petitioner's
current expected release date is June 30, 2023.  ECF No. 12.

Petitioner argues "[t]he BOP took an overly restrictive
view of 34 U.S.C. § 60541(g)(5)(A) eligibility requirements
under the statute in order to qualify to participate in the
EOHDP." ECF No. 1 at 8.  "The Bureau's interpretation of 34
U.S.C. § 60541 as it applies to Petitioner's crime of conviction
is completely misplaced." Id.  He asks the Court to "find that
BOP impermissibly broadened the statutory scope of 34 U.S.C. §§
20911 and 60541 to erroneously determine that Petitioner's crime
of conviction rendered him ineligible for the [EOHDP]." Id. at
11.  "Petitioner prays that this Court will set aside the Bureau
of Prisons' decision and holding Petitioner 'eligible' as
Congress clearly intended." Id. at 12.

II. STANDARD OF REVIEW

Title 28, Section 2243 of the United States Code provides
in relevant part as follows:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition must be construed liberally.  See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

III. DISCUSSION

A.   Exhaustion

Respondent argues the petition should be dismissed because Petitioner did not properly exhaust his administrative remedies.

"There is a judicially created exhaustion requirement for habeas petitions brought under 28 U.S.C. § 2241.  Because the exhaustion requirement is not jurisdictional, in exceptional cases a petitioner may be excused from exhaustion."  Furando v. Ortiz, No. 20-3739, 2020 WL 1922357, at *3 (D.N.J. Apr. 21, 2020) (internal citations omitted).  Failure to exhaust these remedies "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice . . ."  Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  "We require exhaustion for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its

4

expertise facilitates judicial review; (2) permitting agencies
to grant the relief requested conserves judicial resources; and
(3) providing agencies the opportunity to correct their own
errors fosters administrative autonomy."  Id. at 761–62.

"The Bureau of Prisons has established an administrative
remedy procedure through which an inmate can seek formal review
of any complaint regarding any aspect of his imprisonment."
Declaration of Corrie Dobovich ("Dobovich Dec."), ECF No. 9-1 ¶
4 (citing 28 C.F.R. § 542, et seq.).  "In order to exhaust
administrative remedies, an inmate must first present his
complaint to the Warden of the institution where he is
confined."  Id.  See also 28 C.F.R. § 542.14.  "An inmate who is
not satisfied with the Warden's response may submit an Appeal on
the appropriate form (BP-10) to the appropriate Regional
Director within 20 calendar days of the date the Warden signed
the response."  28 C.F.R. § 542.15(a).  "An inmate who is not
satisfied with the Regional Director's response may submit an
Appeal on the appropriate form (BP-11) to the General Counsel
within 30 calendar days of the date the Regional Director signed
the response."  Id.  "Appeal to the General Counsel is the final
administrative appeal."  Id.

Petitioner filed an Inmate Request to Staff on October 13,
2020 asking, "can you please tell me if I am eligible for the
Elderly Offender Program?"  ECF No. 1 at 13.  A staff member

responded that same day that "[b]ased on the nature of your

current conviction, you do not meet the criteria."  Id.

Petitioner filed another Inmate Request to Staff on October 14,

2020 "requesting eligibility for the elderly offender program as

part of the First Step Act of 2018."  Id. at 14.  The Associate

Warden responded on November 10, 2020:

> A review of your case reveals you are a 62 year old male,
> serving a 300 month PLRA sentence for Access with Intent
> to View Child Pornography.  You have a Prisoner
> Assessment Targeting Estimated and Need (PATTERN) Risk
> Assessment level of Minimum.  In accordance with the
> Operations Memorandum, Home Confinement Under the First
> Step Act, dated April 4, 2019, an eligible elderly
> offender is defined as "an inmate who is serving a term
> of imprisonment that is not life imprisonment based on
> a conviction for an offense or offenses that do not
> include any crime of violence, sex offense, or offense
> under chapter 37 of Title 18, and has served 2/3 of the
> term of imprisonment to which the offender was
> sentenced".  Accordingly, your request is denied.

ECF No. 1 at 14.  Petitioner filed an informal resolution form

on November 16, 2020 arguing that "34 USC sec 60541 does not

exclude me from eligibility under the Elderly Offender Program

as my crime is not a prohibited offense."  Id. at 15.  A staff

member responded: "You do not meet the criterion per policy."

Id.

On November 17, 2020, Petitioner filed a Request for

Administrative Remedy (BP-9) stating that "[b]ased upon the

provisions of 34 USC §§ 60541(5) and 20911(7)(G), I believe that

I am eligible for the Elderly Offender Program." Id. at 16.
The FCI Fort Dix Warden denied the request on December 2, 2020:

> A review of your complaint reveals you are a 62 year old
> male, serving a 300 month PLRA sentence for Obscene
> Matter Transport / Access with Intent to View Child
> Pornography. You have a PATTERN Risk Assessment level
> of Minimum. The Operations Memorandum, "Home
> Confinement Under the First Step Act" dated April 4,
> 2019, defines the Elderly Offender Program as a program
> "to determine the effectiveness of removing eligible
> elderly offenders and eligible terminally ill offenders
> from Bureau facilities and placing such offenders o home
> detention until the expiration of the prison term to
> which the offender was sentenced". Additionally, an
> eligible elderly offender is defined as an offender who
> has not been convicted in the past of any Federal or
> State crime of violence or a sex offense. The
> aforementioned sexual offense renders you ineligible for
> the Elderly Offender program. Accordingly, your request
> is denied.

Id. at 17.

    Petitioner filed an appeal (BP-10) with the BOP's Northeast
Regional Office on December 10, 2020. The Regional Office
rejected the appeal on January 5, 2021[1] because Petitioner did
not submit a copy of his BP-9 request and the warden's response.
Id. at 22. Petitioner was given 10 days to resubmit his appeal.
Id. Petitioner did not resubmit his BP-10 to the Regional
Office. Instead, he filed a BP-11 appeal with the General
Counsel on February 16, 2021. Id. at 19. The Central Office

---

[1] "The Administrative Remedy Generalized Retrieval report shows
that the administrative remedy request was rejected on January
4, 2021. The rejection itself, however, is dated January 5,
2021." ECF No. 9 at 14 n.6.

procedurally rejected the appeal on March 5, 2021.  Id.  The
first rejection reason read: "[y]ou did not provide a copy of
your institution administrative remedy request (BP-9) or a copy
of the (BP-9) response from the Warden."  The second reason
read: "[y]ou submitted your request or appeal to the wrong
level.  You should have filed at the regional office level."[2]
Id.  The third reason read: "[c]oncur with rationale of regional
office for rejection.  Follow directions provided on prior
rejection notices."[3]  The final reason directed Petitioner to see
the remarks section, which instructed him to "[a]ttach your BP-9
form and warden's response and appeal at the regional level."
Id.

       Petitioner resubmitted his BP-11 to the Central Office on
March 17, 2021.  ECF No. 1 at 18.  It included a note that
"[r]egion never responded to the BP-10."  Id.  "If you check the
records at the regional office in Philadelphia, you will find
that I did file a complete BP-10 with them as required and gave
them (60) days to respond which is over and above the time limit
allowed for their response.  As such, I moved on to a BP-11."
Id. at 20.  The appeal was rejected on April 13, 2021, stating

---

[2] The form lists all three levels of review.  The "institution"
and "central office" choices are crossed out and the "regional
office" choice is circled.  ECF No. 1 at 19.

[3] "Regional Office" is circled and "and/or institution" is
crossed out.  ECF No. 1 at 19.

"concur with rationale of regional office and/or institution for rejection.  Follow directions provided on prior rejection notices."  Id. at 21.  The remarks section stated that "BP10 rejected on 1/4/21."  Id.

Respondent argues the petition should be dismissed because Petitioner did not properly exhaust his administrative remedies. Petitioner responds that he never received a response to the BP-10 that he filed on December 10, 2020 and presumed it was denied 60 days later.  "[A] Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received."  28 C.F.R. § 542.18.  The Regional Office has 60 days to respond to an appeal, 30 days with a single 30-day extension. Id.  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  Id. If Petitioner did not receive the BP-10 rejection, he would have been entitled to accept a non-response as a denial on February 8, 2021 and his February 16, 2021 BP-11 would have been appropriately filed with the Central Office.

The Court declines to dismiss the petition as unexhausted as there is a question whether Petitioner received a copy of the January 2021 Regional Office rejection.  It will exercise its discretion to address the merits of the petition.

B.   <u>Merits</u>

Congress directed the Attorney General and Director of the Bureau of Prisons to establish a federal prisoner reentry initiative as part of the First Step Act of 2018.  34 U.S.C. § 6054.  As part of that program, "[t]he Attorney General shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced."  34 U.S.C. § 6054(g)(1)(A).  "[T]he Attorney General may release some or all eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities to home detention, upon written request from either the Bureau of Prisons or an eligible elderly offender or eligible terminally ill offender."  34 U.S.C. § 6054(g)(1)(B).  "The term 'eligible elderly offender' means an offender in the custody of the Bureau of Prisons

> (i) who is not less than 60 years of age;
>
> (ii) who is serving a term of imprisonment that is not
> life imprisonment based on conviction for an offense or
> offenses that do not include any crime of violence (as
> defined in section 16 of Title 18), sex offense (as
> defined in section 20911(5) of this title), offense
> described in section 2332b(g)(5)(B) of Title 18, or
> offense under chapter 37 of Title 18, and has served 2/3
> of the term of imprisonment to which the offender was
> sentenced;

> (iii) who has not been convicted in the past of any
> Federal or State crime of violence, sex offense, or other
> offense described in clause (ii);
>
> (iv) who has not been determined by the Bureau of
> Prisons, on the basis of information the Bureau uses to
> make custody classifications, and in the sole discretion
> of the Bureau, to have a history of violence, or of
> engaging in conduct constituting a sex offense or other
> offense described in clause (ii);
>
> (v) who has not escaped, or attempted to escape, from a
> Bureau of Prisons institution;
>
> (vi) with respect to whom the Bureau of Prisons has
> determined that release to home detention under this
> section will result in a substantial net reduction of
> costs to the Federal Government; and
>
> (vii) who has been determined by the Bureau of Prisons
> to be at no substantial risk of engaging in criminal
> conduct or of endangering any person or the public if
> released to home detention.

34 U.S.C. § 6054(g)(5)(A).

This Court lacks the authority to order the BOP to admit Petitioner into the EOHDP.  Pre-release placement decisions are committed to the BOP's sole discretion.  18 U.S.C. § 3624(c)(2).  See also 18 U.S.C. § 3621(b) ("[A] designation of a place of imprisonment under this subsection is not reviewable by any court.").  Section 6054 "does not give authority to the federal courts to place an offender in the Program; that authority is given to the Attorney General."  Melot v. Bergami, 970 F.3d 596, 599–600 (5th Cir. 2020).  See also Marshall v. Hudson, 807 F. App'x 743, 747 (10th Cir. 2020) ("[F]ederal courts have no power to order that an inmate be placed in the First Step Act's

11

elderly-offender pilot program — that decision falls squarely within the Attorney General's discretion."); <u>United States v. Calderon</u>, 801 F. App'x 730, 731 (11th Cir. 2020) (per curiam) ("The district court did not err in denying Calderon's motion because it lacked jurisdiction to grant the relief he sought."); <u>DeMartino v. Warden of LSCI Allenwood</u>, No. 1:20-CV-1657, 2021 WL 2454172, at *4–5 (M.D. Pa. June 16, 2021) (citing <u>Melot</u>). However, "if the prisoner is challenging the Attorney General's or BOP's statutory interpretation of § 60541(g), then judicial review may be appropriate."  <u>Melot</u>, 970 F.3d at 600.

Petitioner argues "[t]he BOP took an overly restrictive view of 34 U.S.C. § 60541(g)(5)(A) eligibility requirements under the statute in order to qualify to participate in the EOHDP."  ECF No. 1 at 8.  "The Bureau's interpretation of 34 U.S.C. § 60541 as it applies to Petitioner's crime of conviction is completely misplaced.  BOP erroneously defined an eligible elderly offender as 'an offender who has not been convicted in the past of any Federal or State crime of violence or a sex offense.'"  <u>Id.</u>  Section 6054 excludes offenders who have convicted of a "sex offense (as defined in section 20911(5)" of the Sex Offender Registration and Notification Act ("SORNA") and prisoners who have "been convicted in the past of any Federal or State crime of violence, sex offense, or other offense described

in clause (ii)" from the EOHDP.   34 U.S.C. § 6054(g)(5)(A)(ii)-(iii).

The Eighth Circuit affirmed Petitioner's convictions for conspiracy to advertise child pornography, 18 U.S.C. § 2251(d)(1) and (e); conspiracy to distribute child pornography, 18 U.S.C. § 2252A(a)(2) and (b)(1); and knowingly accessing a means or facility of interstate commerce to view child pornography, 18 U.S.C. § 2252A(a)(5)(B).  United States v. DeFoggi, 878 F.3d 1102, 1105 (8th Cir.), cert. denied, 138 S. Ct. 2643 (2018).  According to the Eighth Circuit, "DeFoggi 'focused on obtaining the most violent pornography possible directed against the youngest children.'"  Id. at 1105.  SORNA defines a "sex offense" as

(i) a criminal offense that has an element involving a sexual act or sexual contact with another;

(ii) a criminal offense that is a specified offense against a minor;

(iii) a Federal offense (including an offense prosecuted under section 1152 or 1153 of Title 18) under section 1591, or chapter 109A, 110 (other than section 2257, 2257A, or 2258), or 117, of Title 18;

(iv) a military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note); or

(v) an attempt or conspiracy to commit an offense described in clauses (i) through (iv).

13

34 U.S.C. § 20911(5)(A).  Petitioner's convictions are not excluded from SORNA's definition of "sex offense."  34 U.S.C. § 20911(5)(A)(iii).

Moreover, distribution of child pornography is a "specified offense against a minor."  34 U.S.C. § 20911(7).  Conspiring to commit "a criminal offense that is a specified offense against a minor" is a SORNA sex offense.  34 U.S.C. § 20911(5)(A)(ii), (v).  Petitioner was therefore convicted of a crime that is a sex offense under SORNA, making him ineligible for the EOHDP. The BOP did not arbitrarily interpret the statute or abuse its discretion in denying Petitioner's request for entry into the program.

V. CONCLUSION

For the foregoing reasons, the habeas corpus petition will be denied.  An appropriate order will be entered.

Dated: October 31, 2022          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.