```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
TIMOTHY R. DEFOGGI,                :
                                   :
          Petitioner,              :   Civ. No. 21-12269 (NLH)
                                   :
     v.                            :   OPINION
                                   :
LAMINE N'DIAYE,                    :
                                   :
          Respondent.              :
_____:
```

APPEARANCES:

Timothy R. Defoggi, 56316-037
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

    *Petitioner Pro se*

Philip R. Sellinger, United States Attorney
Angela Juneau, Assistant United States Attorney
Office of the U.S. Attorney
970 Broad St.
Suite 700
Newark, NJ 07102

    *Counsel for Respondent*

HILLMAN, District Judge

    Petitioner Timothy Defoggi moves for reconsideration of this Court's Order denying his petition for writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 16.  Respondent United States opposes the motion.  ECF No. 18.

For the reasons that follow, the Court will grant the motion to the extent necessary to clarify its reasoning and decision but otherwise confirm its prior ruling denying relief.

I. BACKGROUND

A jury in the United States District Court for the District of Nebraska convicted Petitioner of knowingly engaging in a child exploitation enterprise, 18 U.S.C. § 2252A(g); conspiracy to advertise child pornography, 18 U.S.C. §§ 2251(d)(1),(e); conspiracy to distribute child pornography, 18 U.S.C. §§ 2252A(a)(2),(b)(1); and four counts of knowingly accessing a means or facility of interstate commerce to view child pornography, 18 U.S.C. § 2252A(a)(5)(B).  United States v. DeFoggi, No. 8:13CR105 (D. Neb. Jan. 6, 2015).  The district court vacated the convictions for conspiracy to advertise and conspiracy to distribute as lesser included offenses of the child exploitation enterprise conviction.  The Eighth Circuit reversed the exploitation enterprise conviction, affirmed the four access-with-intent-to view counts, and remanded for resentencing.  United States v. DeFoggi, 839 F.3d 701, 709-11, 713 (8th Cir. 2016).

At resentencing, the district court gave Petitioner 75-months for each of the affirmed convictions to be served consecutively, resulting in a total term of 300 months.  DeFoggi, No. 8:13CR105 (D. Neb. Feb. 8, 2017) (amended judgment

2

of conviction).  The Eighth Circuit affirmed.  United States v. DeFoggi, 878 F.3d 1102 (8th Cir.) (per curiam), cert. denied, 138 S. Ct. 2643 (2018).  The Bureau of Prisons ("BOP") "calculated DeFoggi's sentence as commencing on January 5, 2015, the date of his original sentencing.  The BOP has awarded DeFoggi 636 days of prior custody credit for time spent in custody before his sentencing."  ECF No. 9 at 7-8 (internal citations omitted).  After succeeding in his motion for compassionate relief before the sentencing court, Petitioner's current expected release date is June 30, 2023.  ECF No. 12.

Petitioner filed a § 2241 petition in this Court arguing that the BOP "took an overly restrictive view of 34 U.S.C. § 60541(g)(5)(A) eligibility requirements under the statute in order to qualify to participate in the [Elderly Offender Home Detention Program ('EOHDP')]."  ECF No. 1 at 8.  "The Bureau's interpretation of 34 U.S.C. § 60541 as it applies to Petitioner's crime of conviction is completely misplaced."  Id. He asked the Court to "find that BOP impermissibly broadened the statutory scope of 34 U.S.C. §§ 20911 and 60541 to erroneously determine that Petitioner's crime of conviction rendered him ineligible for the [EOHDP]."  Id. at 11.  "Petitioner prays that this Court will set aside the Bureau of Prisons' decision and holding Petitioner 'eligible' as Congress clearly intended." Id. at 12.

3

The Court denied the petition as it lacked the authority to order the BOP to admit Petitioner into the EOHDP. ECF No. 15. "Pre-release placement decisions are committed to the BOP's sole discretion." ECF No. 14 at 11 (citing 18 U.S.C. § 3624(c)(2)). The Court also noted that his convictions excluded him from EOHDP eligibility. Id. at 13-14.

Petitioner moves for reconsideration, arguing the Court relied on the vacated distribution charge. ECF No. 16. He asks the Court to "reverse its' earlier denial in this case and to find Petitioner 'Eligible' for the Elderly Offender Home Detention Program as originally presented." Id. at 3.[1] Respondent opposes the motion. ECF No. 18.

II. STANDARD OF REVIEW

A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Johnson v. Diamond State Port

---

[1] Petitioner wrote several letters to the Court regarding delays in the mailroom that may have caused his motion for reconsideration to be filed late. ECF No. 17, 19, and 20. The envelope for the motion indicates it was mailed on November 10, 2022. ECF No. 16-2. The Court's order was entered October 31, 2022, meaning Petitioner mailed his motion within the 14 days required by Local Civil Rule 7.1(i). The motion is therefore timely.

4

Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

III. DISCUSSION

Petitioner argues the Court should reconsider its opinion as it relied on a vacated conviction.  To the extent the Court's prior opinion could be said to rely on a vacated conviction such an error in fact would warrant reconsideration.  However, as set forth below, that change does not change the result in this matter.

Although the Court did reference the distribution charge, it was not the central reason it denied Petitioner's motion.  As explained previously, this Court simply lacks the jurisdiction to grant the requested relief.  "[A] designation of a place of imprisonment under this subsection is not reviewable by any court."  18 U.S.C. § 3621(b).  Section 6054 "does not give authority to the federal courts to place an offender in the [EOHDP]; that authority is given to the Attorney General." Melot v. Bergami, 970 F.3d 596, 599-600 (5th Cir. 2020).  See also Marshall v. Hudson, 807 F. App'x 743, 747 (10th Cir. 2020) ("[F]ederal courts have no power to order that an inmate be placed in the First Step Act's elderly-offender pilot program — that decision falls squarely within the Attorney General's discretion."); United States v. Calderon, 801 F. App'x 730, 731 (11th Cir. 2020) (per curiam) ("The district court did not err

5

in denying Calderon's motion because it lacked jurisdiction to grant the relief he sought."); DeMartino v. Warden of LSCI Allenwood, No. 1:20-CV-1657, 2021 WL 2454172, at *4-5 (M.D. Pa. June 16, 2021) (citing Melot).  Petitioner does not challenge this conclusion in his motion.

    Moreover, even if this Court had such jurisdiction, it does not appear that the BOP did not arbitrarily interpret the statute or abuse its discretion as Petitioner complains. Petitioner's undisputed four access-with-intent-to view convictions still exclude him from EOHDP as a matter of law. Section 6054 excludes offenders who have been convicted of a "sex offense (as defined in section 20911(5))" of the Sex Offender Registration and Notification Act ("SORNA") and prisoners who have "been convicted in the past of any Federal or State crime of violence, sex offense, or other offense described in clause (ii)" from the EOHDP.  34 U.S.C. § 60541(g)(5)(A)(ii)-(iii).  As is relevant here, SORNA's definition of a "sex offense" includes "a Federal offense (including an offense prosecuted under section 1152 or 1153 of Title 18) under section 1591, or chapter 109A, 110 (other than section 2257, 2257A, or 2258), or 117, of Title 18."  34 U.S.C. § 20911(5)(A)(iii).

    Knowingly accessing a means or facility of interstate commerce to view child pornography, 18 U.S.C. § 2252A(a)(5)(B), falls within Chapter 110 of Title 18 and is not one of the three

6

sections that are explicitly excluded from the definition. Therefore, Petitioner's conditions are still encompassed within SORNA's definition of a sex offense, excluding him from participating in the EOHDP by statute.  34 U.S.C. § 60541(g)(5)(A)(ii).

The Court will grant the motion for reconsideration to the extent necessary to correct any factual error but affirm its reasoning denying the Petition for a writ of habeas corpus.

IV. CONCLUSION

For the foregoing reasons, the motion for reconsideration will therefore be GRANTED in part and DENIED in part.  As before, the Petition will remain denied (ECF 14 and 15).

An appropriate order will be entered.


Dated: December 23, 2022                s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.

7