```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

_____
                                     :
TIMOTHY R. DEFOGGI,                  :
                                     :
         Petitioner,                 :    Civ. No. 21-12269 (NLH)
                                     :
    v.                               :    OPINION
                                     :
LAMINE N'DIAYE,                      :
                                     :
         Respondent.                 :
_____:

APPEARANCES:

Timothy R. Defoggi, 56316-037
2946 SE 49 Place
Ocala, FL 34480

    *Petitioner Pro se*

Philip R. Sellinger, United States Attorney
Angela Juneau, Assistant United States Attorney
Office of the U.S. Attorney
970 Broad St.
Suite 700
Newark, NJ 07102

    *Counsel for Respondent*

HILLMAN, District Judge

    The Court denied Petitioner Timothy Defoggi's petition for writ of habeas corpus under 28 U.S.C. § 2241 on October 31, 2022.  ECF No. 15.  It granted in part and denied in part Petitioner's motion for reconsideration on December 23, 2022.  ECF No. 22.  Petitioner filed an appeal in the United States Court of Appeals for the Third Circuit, which remains pending.

ECF No. 23; <u>Defoggi v. Warden Fort Dix FCI</u>, No. 23-1085 (3d Cir. filed Jan. 12, 2023).

Petitioner now requests under Federal Rule of Civil Procedure 62(d) a temporary stay of the requirement that he register as a sex offender. ECF No. 30. Respondent opposes the motion. ECF No. 31.

For the reasons that follow, the Court will deny the motion.

I. BACKGROUND

A jury in the United States District Court for the District of Nebraska convicted Petitioner of knowingly engaging in a child exploitation enterprise, 18 U.S.C. § 2252A(g); conspiracy to advertise child pornography, 18 U.S.C. §§ 2251(d)(1),(e); conspiracy to distribute child pornography, 18 U.S.C. §§ 2252A(a)(2),(b)(1); and four counts of knowingly accessing a means or facility of interstate commerce to view child pornography, 18 U.S.C. § 2252A(a)(5)(B). <u>United States v. DeFoggi</u>, No. 8:13CR105 (D. Neb. Jan. 6, 2015). The district court vacated the convictions for conspiracy to advertise and conspiracy to distribute as lesser included offenses of the child exploitation enterprise conviction. The Eighth Circuit reversed the exploitation enterprise conviction, affirmed the four access-with-intent-to view counts, and remanded for

resentencing.  United States v. DeFoggi, 839 F.3d 701, 709-11, 713 (8th Cir. 2016).

At resentencing, the district court gave Petitioner 75-months for each of the affirmed convictions to be served consecutively, resulting in a total term of 300 months. DeFoggi, No. 8:13CR105 (D. Neb. Feb. 8, 2017) (amended judgment of conviction).  The Eighth Circuit affirmed.  United States v. DeFoggi, 878 F.3d 1102 (8th Cir.) (per curiam), cert. denied, 138 S. Ct. 2643 (2018).  The Bureau of Prisons ("BOP") "calculated DeFoggi's sentence as commencing on January 5, 2015, the date of his original sentencing.  The BOP has awarded DeFoggi 636 days of prior custody credit for time spent in custody before his sentencing."  ECF No. 9 at 7-8 (internal citations omitted).  After succeeding in his motion for compassionate relief before the sentencing court, Petitioner's current expected release date is June 30, 2023.  ECF No. 12.

Petitioner filed a § 2241 petition in this Court arguing that the BOP "took an overly restrictive view of 34 U.S.C. § 60541(g)(5)(A) eligibility requirements under the statute in order to qualify to participate in the [Elderly Offender Home Detention Program ('EOHDP')]."  ECF No. 1 at 8.  "The Bureau's interpretation of 34 U.S.C. § 60541 as it applies to Petitioner's crime of conviction is completely misplaced."  Id. He asked the Court to "find that BOP impermissibly broadened the

3

statutory scope of 34 U.S.C. §§ 20911 and 60541 to erroneously determine that Petitioner's crime of conviction rendered him ineligible for the [EOHDP]." Id. at 11. "Petitioner prays that this Court will set aside the Bureau of Prisons' decision and holding Petitioner 'eligible' as Congress clearly intended." Id. at 12.

The Court denied the petition as it lacked the authority to order the BOP to admit Petitioner into the EOHDP. ECF No. 15. "Pre-release placement decisions are committed to the BOP's sole discretion." ECF No. 14 at 11 (citing 18 U.S.C. § 3624(c)(2)). The Court also noted that Petitioner's convictions excluded him from EOHDP eligibility. Id. at 13-14. Petitioner moved for reconsideration, arguing the Court relied on the vacated distribution charge. ECF No. 16. The Court granted the motion to the extent necessary to clarify its reasoning and decision but otherwise confirmed its prior ruling denying relief. ECF No. 22.

Petitioner appealed. ECF No. 23; Defoggi v. Warden Fort Dix FCI, No. 23-1085 (3d Cir.). As part of the appeal, Petitioner asked the Third Circuit to stay any requirement that he register as a sex offender for the duration of the appeal. ECF No. 31 at 8. The Court of Appeals denied the motion because Petitioner "failed to show that it was impracticable for him to seek a stay in the first instance in the District Court."

4

Defoggi, Appeal No. 23-1085 ECF No. 21 (citing Fed. R. App. P. 8(a)(2)(A)).  Petitioner subsequently filed a motion for a stay under Federal Rule of Civil Procedure 62(d) in this Court.  ECF No. 30.  Respondent opposes the motion.  ECF No. 31.

II.   STANDARD OF REVIEW

"As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal."  Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985).  However, the district court "retains jurisdiction to issue orders regarding the filing of bonds or supersedeas bonds, or to modify, restore, or grant injunctions."  Id. at 120 n.2.  See also Fed. R. App. P. 8(a)(1)(C).

Federal Rule of Civil Procedure 62 "regulates the grant of a stay or injunction by the district court."  Marshall v. Berwick Forge & Fabricating Co., 474 F. Supp. 104, 108 (M.D. Pa. 1979).  "A stay is not a matter of right, even if irreparable injury might otherwise result."  Virginian R. Co. v. United States, 272 U.S. 658, 672 (1926).  Granting such a stay is committed to the discretion of the Court.

> In considering whether to grant a stay pending appeal, courts consider the following four factors: (1) whether the appellant has made a strong showing of the likelihood of success on the merits; (2) will the appellant suffer irreparable injury absent a stay; (3) would a stay

5

>       substantially harm other parties with an interest in the
>       litigation; and (4) whether a stay is in the public
>       interest.

In re Revel AC, Inc., 802 F.3d 558, 565 (3d Cir. 2015) (citing Republic of Phil. v. Westinghouse Electric Corp., 949 F.2d 653, 658 (3d Cir. 1991)).  "'[T]he most critical' factors, according to the Supreme Court are the first two . . . ." Id. at 568 (alteration in original) (citing Nken v. Holder, 556 U.S. 418, 434 (2009)).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  Nken, 556 U.S. at 433-34.

III. DISCUSSION

    "A stay pending appeal . . . has some functional overlap with an injunction, particularly a preliminary one." Id. at 428.  "A preliminary injunction is an extraordinary remedy, and the party seeking it must show, at a minimum, a likelihood of success on the merits and that they likely face irreparable harm in the absence of the injunction.  As these elements suggest, there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  Ball v. Famiglio, 396 F. App'x 836, 837 (3d Cir. 2010) (per curiam) (internal citation and quotation marks omitted).  Here, there is no relationship between the relief requested in Petitioner's habeas petition and his request for a stay pending appeal.

6

Petitioner's habeas petition asked the Court to find that Petitioner was eligible for the Elderly Offender Home Detention Program.  The Court denied this relief because "[p]re-release placement decisions are committed to the BOP's sole discretion."  ECF No. 14 at 11 (citing 18 U.S.C. § 3624(c)(2)).  The Court alternatively concluded that Petitioner's four access-with-intent-to view convictions excluded him from EOHDP as a matter of law.  Neither of these reasons for dismissal examined whether Petitioner would be required to register as a sex offender upon his release.  "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."  Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir.), opinion amended on reh'g, 131 F.3d 950 (11th Cir. 1997) (citing De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945)).

In addition to being wholly unrelated to the habeas petition, Petitioner's request for a stay does not satisfy the "most critical" threshold factors.  In the Third Circuit, "a sufficient degree of success for a strong showing exists if there is 'a reasonable chance, or probability, of winning.'"  In re Revel AC, Inc., 802 F.3d 558, 568 (3d Cir. 2015) (quoting Singer Mgmt. Consultants, Inc. v. Milgram, 650 F.3d 223, 229 (3d Cir. 2011) (en banc)).  Petitioner does not have a reasonable probability of winning because Section 6054 "does not give

7

authority to the federal courts to place an offender in the [EOHDP]; that authority is given to the Attorney General." Melot v. Bergami, 970 F.3d 596, 599-600 (5th Cir. 2020). "[] Congress has vested the executive branch, not the judicial branch, with the power to decide which prisoners may participate in the Program." Id. at 600.

Moreover, Petitioner states that he "attempted registration with the Florida Department of Law Enforcement . . . and was advised that they were not going to register me as a sex offender as my crime of conviction is not a registrable offense in the State of Florida." ECF No. 30 at 1. Petitioner has not shown that he would likely suffer an irreparable injury absent a stay pending appeal. See Nken v. Holder, 556 U.S. 418, 434-35 (2009) ("[S]imply showing some possibility of irreparable injury fails to satisfy the second factor." (internal quotation marks omitted)); In re Revel, 802 F.3d at 568 ("[F]or irreparable harm we understand the Supreme Court's use of 'likely' to mean more apt to occur than not.").

The Court need not assess the third and fourth factors because Petitioner has not satisfied the first two. See Nken, 556 at 435 ("Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest."). The Court will deny the motion for a stay pending appeal.

8

IV. CONCLUSION

For the foregoing reasons, the motion for a stay pending appeal will therefore be DENIED.

An appropriate order will be entered.


Dated: June 2, 2023             s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.